# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

## NO. 03-18-00331-CV

---

### In re Commitment of Rolando Garcia

---

### FROM THE 331ST DISTRICT COURT OF TRAVIS COUNTY
### NO. D-1-GN-17-002713, THE HONORABLE DAVID CRAIN, JUDGE PRESIDING

---

## M E M O R A N D U M   O P I N I O N

This is an appeal from final judgment following a jury trial on the State's petition to classify Rolando Garcia as a sexually violent predator subject to involuntary civil commitment. *See* Tex. Health & Safety Code § 841.003. The jury returned a verdict, by a 10-2 vote, that Garcia is not a sexually violent predator and the district court entered final judgment reflecting that verdict. In two issues on appeal, the State argues: (1) that the district court abused its discretion by failing to admit certain evidence, and (2) that the district court erred by entering judgment on a non-unanimous jury finding. We will affirm.

## BACKGROUND

Garcia has committed sexual offenses against multiple adolescent and pre-pubescent minors, including his own daughter. Garcia points to abuse of alcohol and experimentation with illegal substances as the primary cause of this conduct. After a jury convicted Garcia of his most recent offense, Garcia spent years in the custody of the Texas Department of Criminal Justice (TDCJ). Once he was eligible for parole, he began participating

in a required sex offender treatment program that included various forms of therapy supervised by licensed professionals.

Following his confinement, the State petitioned to have Garcia classified as a sexually violent predator subject to involuntary civil commitment and confinement pursuant to Chapter 841 of the Health and Safety Code. *See* Tex. Health & Safety Code §§ 841.001–.153. In response, Garcia argued that he has not had any sexual contact with minors since the mid-1990s, although he conceded that he was in State custody and did not have access to minors during most of that time. He also argued that he experienced a spiritual awakening while confined and no longer desires to engage in substance abuse and is no longer attracted to minors.

During the proceedings, the State and Garcia disagreed as to whether certain evidence should be admitted for the jury's consideration. Garcia had written a series of personal statements during therapy sessions at TDCJ. Garcia's counsel obtained copies of these statements during discovery and listed them on its production logs but refused to produce them to the State, citing the privilege against self incrimination afforded by the Fifth Amendment. The State then filed a motion to compel.

The parties argued the motion to the district court during trial and outside the presence of the jury. After the district court concluded the parties were not prepared to present the governing law, the district court afforded the parties an additional day to research the issue. The court entertained further argument the next day but did not review the statements in camera before ultimately denying the motion to compel.

The State finished trying its case to the jury, and the district court charged the jury:

> Do you find beyond a reasonable doubt that Rolando Garcia is a Sexually Violent Predator?

2

1. A "no" answer means that at least 10 jurors agree that the answer to the question is "no." If at least 10 jurors agree that the answer to the question is "no," those jurors must sign the verdict.

2. A "yes" answer must be unanimous. This means all 12 jurors must agree the answer to the question is "yes." Only the presiding juror signs the verdict.

The jury answered: "No." The ten jurors agreeing to answer the question in the negative signed the verdict.

The State filed a motion for new trial, arguing that "the 'NO' verdict was not unanimous, as statutorily required." In the alternative, the State argued, "The court denying the Petitioner's right to this evidence [i.e., the personal statements] caused extreme prejudice and harm to the Petitioner's case as the withheld evidence consisted of the Respondent's Sex Offender Treatment writings which were recently created and would have provided crucial evidence to the jury of the Respondent's current state of mind . . . ." The court denied the motion; the State timely appealed to this Court.

## DISCUSSION

The State seeks reversal and remand for new trial on two grounds. First, it contends the Health and Safety Code requires a unanimous jury vote for a court to find that an individual is not a sexually violent predator. Second, the State argues that the denial of the motion to compel production of the personal statements "probably caused an improper judgment."

**Error in Jury Charge**

The State contends the district court erred by instructing the jury that ten votes would be sufficient to find beyond a reasonable doubt that Garcia is not a sexually violent predator

3

and erred again by entering judgment on the jury's verdict. When the State filed this appeal, the question of whether a unanimous jury verdict is necessary to find that an individual is not a sexually violent predator was a question of first impression for this Court. Since then, this Court has resolved that question. In *In re Commitment of Gipson*, No. 03-18-00332-CV, slip op. at 13 (Tex. App.—Austin July 26, 2019, no pet. h.), this Court explained: "[B]y expressly stating that the Texas Rules of Civil Procedure govern when there is no conflict and by addressing only affirmative jury verdicts, Chapter 841 . . . expressly provides for non-unanimous jury verdicts" as sufficient to support a negative finding. *See id*. We therefore reject the State's argument and overrule the issue for the reasons set forth in that opinion.

**Abuse of Discretion in Denial of Motion to Compel**

The State contends the district court erred by denying its motion to compel production of the personal statements Garcia wrote while in State-mandated mental-health treatment. Appellate courts review the denial of a motion to compel for an abuse of discretion. *See In re Commitment of Young*, 410 S.W.3d 542, 551 (Tex. App.—Beaumont 2013, no pet.). A trial court abuses its discretion when it acts without regard for governing law. *See In re Commitment of Mares*, 521 S.W.3d 64, 69 (Tex. App.—San Antonio 2017, pet. denied). This Court will only reverse final judgment if the alleged abuse probably caused the rendition of improper judgment or prevents the appellant from presenting its case on appeal. *See* Tex. R. App. P. 44.1.

The State's primary argument before the district court was that Rule 199 of the Texas Rules of Civil Procedure requires a party objecting to discovery to provide an affidavit to the party seeking discovery at least seven days before trial and that Garcia failed to do so. *See* Tex.

R. Civ. P. 199.6. But that Rule provides, "The party seeking to avoid discovery must present any evidence necessary to support the objection or privilege *either* by testimony at the hearing *or* by affidavits served on opposing parties at least seven days before the hearing." *See id.* (emphasis added). Here, the Court held a hearing in accordance with that Rule and continued the hearing to give the parties additional time to research the issue. Counsel argued that the personal statements included references to: (1) offenses for which Garcia had already been convicted; (2) offenses for which Garcia had not been tried; or (3) Garcia's current state of mind. With respect to the first and third arguments, the jury considered evidence on both issues, including victim testimony and testimony from Garcia himself. The State has not shown how any additional evidence on these issues would probably have led to a different judgment. *See* Tex. R. App. P. 44.1; *Gipson*, No. 03-18-00332-CV, slip op. at 18 (holding that, even assuming any error, excluded evidence was cumulative of evidence already before the jury and appellant therefore could not meet its burden to show that exclusion had probably affected judgment). With respect to the second argument, Garcia's invocation of the Fifth Amendment would bar admission of the evidence, rendering any abuse of discretion harmless. *See* Tex. R. App. P. 44.1; *In re Commitment of Mullens*, 92 S.W.3d 881, 888 (Tex. App.—Beaumont 2002, pet. denied). We therefore overrule the issue.

## CONCLUSION

Having overruled the State's arguments on appeal, we affirm the district court's final judgment.

5

_____

Edward Smith, Justice

Before Justices Goodwin, Baker, and Smith

Affirmed

Filed:   July 26, 2019